United States v. Rare Breed Triggers, 23-7276 Good morning. Good morning, Your Honor and may it please the court. My name is Gary Lukowski. I'm here on behalf of the defendant appellants. The crux of this case is whether it constitutes fraud for a private actor to disagree with an executive branch interpretation of law and whether taking otherwise lawful actions openly and without deceit serves to obstruct the lawful functions of government. In service of this crux, I'll touch on three separate points. First, I'll begin with the mail and wire fraud allegations. The government claims that defendants committed fraud by failing to tell potential customers that the ATF would likely classify a device known as a forced reset trigger as a machine gun. But this reported omission was neither material nor was it made with the requisite intent. Defendants had a good faith belief that the ATF classification was wrong under the statute. When the ATF eventually made a formal classification, defendants made the disclosures the government requested and made the argument that the ATF was wrong. So is the good faith belief, is that a factual determination? Yes. Far from going down as the government's theory would suggest, however, sales went up after that disclosure was made, indicating it was not a material consideration for consumers. Well, it was a material consideration for some consumers, right? Were there people who demanded refunds and said they'd been misled? There were a handful of people that were cited in the district court opinion. However, we believe those examples are sort of cherry-picked over the variety of people. Well, cherry-picked or not, that would suggest somebody who thinks they were defrauded, right? There are certainly a couple examples cited by the district court. However, that's outweighed by the large number of customers that are present here. I mean, this is a company that had thousands of customers. We believe that when you look at the sales, once those disclosures were made, sales went up. What disclosures were made? So the ATF sent the company a cease and desist letter saying, we believe that these forced reset triggers are machine guns. After that, defendants made a series of videos explaining that, yes, we've received this letter. Yes, we understand the ATF believes this. We disagree with that. We believe that under the statute, these are actually not machine guns, even though the ATF has classified them as such. After that was made, which, again, is the disclosure that the government up until that point suggests should have been made, sales went up. Well, whether they went up or down, I guess, I mean, there still could be a class of purchasers who don't watch your videos or don't know about the position you're taking. In other words, how is this any different from a manufacturer of a drug saying, this cures cancer, when the FDA has said it doesn't cure cancer? If you sell that drug, are you not defrauding people? No, because in that case, the drug is not working as it's advertised, whereas in this case, people are getting exactly what they're paying for. Well, they thought, I mean, some of them, at least, thought they were paying for a gun that has been sanctioned by the federal government, that it's OK to have. In other words, some of them want to stand their ground like you and litigate this thing in the courts. But others, it seems, don't. They thought they're getting a gun that's legal, and they're not prepared to stand their ground and incur all the costs and aggravation that comes with that. So why aren't they defrauding? Well, I think there's a distinction between whether it's legal and whether the ATF would classify it as legal. Defendants' argument has been that they believe that it is legal under the statute. But whether the ATF classifies it as legal or not is going to lead to pain and headaches for those who unsuspectingly purchased something that they thought the ATF was cool with. Why is that not fraud? Well, I think, again, the question is, did they believe the ATF was cool with it? Because defendants' argument has been from the beginning, this is legal under the statute as written. The ATF's determination is immaterial on that. But if I have a good faith belief that my drug cures cancer, and even though the scientists disagree, I believe it. And so I don't understand what's the difference between my hypothetical and your actual case. I think it's still sort of two steps removed from the representation. So in a normal fraud case such as that, you're saying, all right, this drug works this way, and it turns out it does not. Here, nobody doubts that these triggers work a certain way. No, they either are or they aren't triggers that turn this into a machine gun. That is a legal question that I want to ask in a minute about whether or not that's been, since the briefing, that's been now resolved. But that is a legal question, I get it. But it seems to me that the ATF has taken its position, and there are certain purchasers who care about what that position is. Would you concede that fact, that there are some that care? Yes, at least insofar as I believe there are two or three separate emails that are cited in the district court opinion where people seem to indicate that they care about that opinion. However, again, this is an organization that has thousands of customers, and I imagine it would be difficult to get everyone in this room to agree on certain things and to agree on . . . But just so that I understand, in answer to some of Judge Sullivan's earlier questions, are you acknowledging that some of those customers who you're describing were defrauded then? No. No, we do not believe they were defrauded because . . . You don't believe anyone was defrauded? Correct, because we do not believe the statements were made with a requisite intent. Okay, so when we get back to the good faith, bad faith. Exactly. And we believe that their belief was made in good faith because ATF classifications have, one, changed over time in several instances, most notably bump stocks, and two, have been found to be wrong by the courts in notable instances, Cargill being the most recent prime example. Also, with respect to force reset triggers, the Northern District of Texas found exactly, as defendants expert and as defendants predicted, that yes, the ATF made this classification, but that classification was ultra-furious because it was beyond the scope of the statute. But just so I'm clear, so if you disagree with a classification, you get to ignore it if you have a good faith belief that the agency is wrong? At least insofar as fraud goes, yes. So again, this is brought here as a fraud case. It's not brought here as a, this is a machine gun case. It's not a direct sort of attack on their position. They didn't bring this case as a criminal prosecution for selling machine guns. They brought this as a fraud case. And in that case, yes, that would be true, that because they have a good faith basis for believing they're not, that's not fraud. Well, at some point, I guess this legal question will be resolved, and then there could be no good faith belief, right? Correct. So where are we with that? Well, we believe it's been resolved the other way by the Northern District of Texas, which one, found that it's not a machine gun, and two, vacated the ATF's classification to form the basis of much of their indictment or their complaint in this case. Is that case on appeal? It is, yes. It was recently argued before the vacation. So that issue still hasn't been resolved there? Well, it's a final... And ATF maintains its position, correct? Correct. However, it's a final judgment, so it's been resolved in that sense. It's not a jump ball. It's a final judgment that's on appeal. But it's on appeal. It can be reversed. Sure, but again, it's a final judgment, so it has the same sort of preclusive effects that any other final judgment would. It's not an open question. It's not a preliminary injunction. It's not a TRO. Am I right that the Texas case involved the regulation itself, not the statute? No, it involved the statute as well. I'm sorry. I've got it the opposite way. What did the Texas case involve? So the Texas case involved the classification under the statute. So the ATF did not adopt a rule specific to force reset triggers like they did with bump stocks. They've kind of gone back and forth whether the bump stock rule applies to FRTs or not. So in that case, it's the ATF's classification that was functioning effectively as an APA rule, and it's the classification under the statute. What is this under the statute? So just to go back to the fraud issue, as I understand it, the district court found the dishonesty prompt satisfied in two ways, sort of focused on one in particular, which was using fictitious names in the return address. Why isn't that an indicia of fraud? You say it's good faith, but if it's good faith, then why use fictitious names? Well, to distinguish, there's two separate sort of fraud allegations here. The first is a mail and wire fraud allegation, and that's where the good faith basis for believing the triggers are illegal comes in. The second is the client conspiracy allegation, and that's where what Your Honor is speaking of comes in. So they allege that by using a different name in the shipping, that that was a deceitful act that was obstructing the lawful functions of government. We don't believe it is, and we don't believe so for a couple of reasons. One, we don't believe it's supported by the evidence, because the only way that was being used was based on which shipping company that the defendants were using. So that was only with UPS, or with USPS instead of UPS. If the aim was truly to keep these things away from the government, why would you use the Postal Service at all? They had previously used UPS. They could continue to do so. It's an illogical conclusion from that. Illogical conclusion, but so as I understand it also, the district court understood your explanation, the explanation I think you just gave me, but said there's another plausible explanation, which is that you understood or your client understood that what it was doing was wrong and it was trying to avoid government detection. Why isn't that an equally plausible explanation, and why shouldn't we defer to that finding? Because I think what you said was that's a finding, a fact. It's not supported by the evidence in the same way, because of the weight of the evidence. In the same way. What do you mean by in the same way? Again, it's an illogical inference, and as such is clearly erroneous. So that's the argument you're making? Yes, sir. That's fair. So we'll hear from the governor, and then you've reserved some time for rebuttal. Yes, you've reserved three minutes. Good morning. Michael Bloom for the United States, and may it please the court. The appellants here wanted to sell as many illegal machine gun conversion devices as they could, as quickly as they could, before ATF could manage to stop them. But to do that, they had to mislead their consumers, their customers, about the product and had to take steps to impede what the ATF would otherwise have done, had it known about the sales. The record here more than amply supports the judges, the district court's findings, both factually and legally, that a preliminary injunction is appropriate to stop the defendants from continuing their sales. So you think there's really now, there's still likely to be a potential group of purchasers who don't get this anymore? Who don't understand what's at issue with these triggers? The question you're asking, I believe, Your Honor, is whether there's an ongoing problem. Yeah. Well, that's when a preliminary injunction is designed to stop, right? And that needs to be measured or should be measured appropriately at the time of the injunction, except for the time of the bringing of the case, which was back in January of 2023. I guess that's my question. What's going on with this case now? It seems like nobody's in any hurry to do anything. Because the defendants have been stopped from selling. And there's a little bit of a complication here because of the case in Texas. There's only a limited amount that the government can do to stop generally or to even try to retrieve these products from consumers who have purchased them, which the ATF would otherwise do. They're, at the moment, enjoined from doing that. So to some degree, the government is limited to just this preliminary injunction in stopping the appellants here from continuing their sales. But, well, it would seem to me that, and I guess I could ask Mr. Lukowski this, but they could go back to Judge Morrison and say there's no longer a need for this. You should lift the injunction. They could. Right. And so has anything been happening in the district court since? No. The jurisdiction of the district court. As far as we believe, the district court no longer has jurisdiction but for enforcement of this particular order. And we're not aware of any violation by the defendants of the order. By the way, you're describing it then this is a perpetual injunction. In other words, if at the time you sought it, it was justified, then it'll exist forever. But that can't be right. No, of course not. Regardless of what this panel does, there will be further proceedings in the district court as to whether there will be a permanent injunction. But why does it turn on what we do here first? I mean, you can litigate a case while the preliminary injunction is being appealed. It's our view that the jurisdiction has been taken from the district court because all of the entire order has been taken from the district court and appealed. And so we don't believe there's district court jurisdiction at the moment. We have, we meaning the government, has partial relief here, at least the relief that we think is. You're seeking a permanent injunction. We are. And you're saying the district court doesn't have the authority to move forward on your request for a permanent injunction because there's an appeal of the preliminary injunction? Well, that permanent injunction is going to turn on several of the issues that are before you. We're not going to be deciding this for all time. I mean, we don't have to. This is a preliminary injunction. Whether or not the conditions for a preliminary injunction were met doesn't mean that we're necessarily ruling in a way that's going to resolve this for purposes of a permanent injunction, does it? Well, I think based on what it is that is on appeal, I think the answer is the judge can't really go forward without having some guidance from the Second Circuit as to the particular issues because a permanent injunction here will turn on many of the issues that are on appeal, whether, for instance, some of the legal issues that the appellants have raised. You know, that's a very odd argument to me because when we have an appeal from a preliminary injunction, it's a very narrow appeal. And now the government is asking us to expand the scope of the appeal, essentially, to grapple with more of the merits, and I don't understand why you would want that. No, Your Honor. What are you asking us to do? Just decide the issues that are before you. What I'm suggesting is that without those issues, the judge in the district court, I don't believe, can really make a determination as to a final injunction. Well, even if, hypothetically, ATF, there have been developments that might resolve the underlying legal issue of whether this is a machine gun or not, and your opponents went to the district court and said there is no longer a need for this protective order, wouldn't there need to be a hearing and some fact-finding to determine whether the preliminary injunction should remain in place? Yes. You're not suggesting the district court loses jurisdiction to address that, are you? Not quite. I suppose all I'm suggesting is that, one, the defendants have not done that. That's understood. You've represented there's nothing that's happened so far at the district court. But now I'm asking a hypothetical question. In the event your opponents went to the district court and said there's no longer a need for a preliminary injunction, there would have to be some form of hearing and evidence perhaps taken by the district court, correct? Yes. As to why things have changed? Yes. Okay. Yes. And, Your Honor, to go back to your question, the issue of whether this is a machine gun or not is not before you. Thank you. I'm not suggesting that. It can't possibly be before us. No. Correct. All I'm saying is that this injunction is based on fraud allegations under the anti-fraud injunction statute. And there are legal issues associated with that that would determine whether or not a permanent injunction is appropriate. And those are issues that are before you. So the court, I don't think, can really efficiently make a decision as to the permanent injunction. In terms of the issues we were discussing about what evidence there was of dishonesty or bad faith in the representation that were made to customers, actual customers and potential customers, in addition to the fictitious names and addresses so that ultimately if it were determined to be a machine gun, it couldn't be traced, was there also an issue of records being destroyed or knocked out as far as prior sales?  What you're referring to, Your Honor, is the defendant's practice of what they called a digital shredding policy. Shredding policy. Their practice was when a customer purchased a product from them, as soon as they believed it to be appropriate from, I suppose, a business perspective, they would destroy the records. And their stated reason for that throughout the record, throughout numerous emails, was to keep that information from the ATF, to keep the customer information from the ATF. It was a way to impede the ATF's ability, when it ultimately determined that this product was a machine gun, to try to retrieve those products. And is that finding something that goes to the determination of what the district court considered in issuing the preliminary injunction, as to whether these representations, which they claim were made in good faith because they had some expert opinions, former ATF agents said this is not a machine gun, does that go to whether the representations they made were made in good faith or bad faith? I'm going to answer that in two ways. First is, I believe that what the judge, I don't know that the judge specifically tied that policy to the representations. The judge, the district court judge tied it to the Klein conspiracy aspect here. That said, I think it's perfectly appropriate in considering the defendant's good faith generally, to look at everything that happened here. And to determine whether the misrepresentations or representations made to the consumers or their customers about this product were made in good faith, I think you'd have to consider all of their activities. Am I wrong or am I right that the good faith issue relates to both the Klein conspiracy issue, the overarching issue, and to a lesser extent the mail and wire fraud, the fraudulent scheme. There's a dishonesty argument. Yeah, good faith can be a defense to intent, and there's intent elements in both the Klein case, so I believe it would apply to both. There seems to be a circularity to your Klein conspiracy theory, which is that their digital shredding policy is designed to prevent records being kept as required by the ATF. But there are records that only need to be kept if this is a machine gun, right? Yes.  So, I mean, you're basically using the 371 conspiracy and a preliminary injunction because they are destroying evidence that it's not clear that they're required to keep. First, I think that- But we don't need to decide whether this is a machine gun. You do not at the moment. No, but that's the circularity of your argument. Well, I don't think- Okay, so this is a 371 conspiracy to obstruct government activity where it's not clear whether this is, in fact, government activity. There's several answers. Let me start first with the digital shredding policy after the ATF served the cease and desist letter on the defendants. That was in July of 2021, and in that letter, the ATF said to the defendants, we want your help in retrieving these. We need to know where this went, and the digital shredding policy continued even after that. In other words, the ATF said, we want to know where this is going, and there was a meeting. This is in the testimony from Mr. Sayer of the ATF, where he spoke with one of the defendants, the owner of the company. But the ATF is unpowerless in this, right? No, of course not. That wastes on the sideline. I mean, this is you being creative to basically prevent them from having to litigate whether or not they've got the authority to regulate them on their trigger. If they are saying that this makes it a machine gun, and you're violating federal regulations and ultimately a federal statute, they get to go forward on that, and then that gets litigated. But instead, you're doing this 371 conspiracy with a preliminary injunction as a civil matter. It's clever, but, I mean, why are you doing this? Part of the answer to that question is sort of internal government, right? It's privilegeable. As a discretionary matter. My point is, why does one need to do this? Isn't there a simpler way to do this? There are other ways, including there could be criminal prosecution. And by the way, I'm not suggesting that that's what the government plans to do with these defendants at all. I don't mean to suggest that. But you just want to put them out of business through this method. We want to keep them from selling their product. And in addition, we want the products back. And so one of the things, among others, that 1345 would provide is the opportunity to get these products, which we believe are very dangerous, off of the streets and back out of the hands of people who would use them. That's something you can do with the 1345 that I don't know that you can do in a forfeiture or in a criminal activity. So there's good reason to do it that way. Now, there are other reasons. I'm just suggesting one. I'm just not sure I understand. You're saying the ATF doesn't have the authority to take action to compel them to keep records and then make those records available to the ATF? I don't know that it – if it's a machine gun, they would have to keep the records, yes. But I'm not aware of a particular authority where they would require, for instance – It seems like nobody's in a real hurry to figure out whether this is a machine gun. I don't know that that's true, Your Honor. We would have – as we said in – there was a motion before the panel here which raised that issue. And we were – we, the government, offered to have that decision briefed and decided here. Well, isn't that likely to be an issue going forward? So if we affirm and we say, okay, the preliminary injunction was okay, but now you're going to have to work out all these issues down the line in the district court in connection with the permanent injunction or other relief. The defense is going to be this is not a machine gun. We don't need to do this, right? Yes. Yes. And we didn't shape this appeal. We would have been more than pleased – But your view is that the district court couldn't be doing that for the last year because it lost jurisdiction because it was a preliminary injunction. Because there was an appeal. We don't think – Because there's an appeal to a preliminary injunction. And by the way, the court has made that decision. As far as we're concerned, this is a – certainly here, this product is an illegal machine gun or machine gun conversion device. Yes, on a permanent basis, the court may need to make another analysis. But that's – in our view, that's a purely legal question because the record – we don't believe there's really any dispute on the facts as to how this product works. So it's only really a legal question, and that legal question would be – it's going to turn a bit on a recent Supreme Court case. But that could have been briefed here, and we welcomed that and asked for it, and the defendant didn't take us up on it. Okay. Thank you very much. Thank you. Mr. Lukowski. Thank you. If I could just touch on a couple of those points. First, on the records retention policy, the ATF has made much about this case being a case about omissions. But one significant omission is what the ATF didn't do in its cease and desist letter. It didn't ask for a litigation hold. It never sent a subpoena for those records. It never sent a warrant for those records. There was no duty to retain those records. What you have is a preexisting records retention policy. Well, there may not have requested it, but don't counsel involved in civil litigation have an obligation to retain records that may be pertinent to the issues in that litigation? I mean that's under the federal rules. So just because they didn't ask for a litigation hold does not relieve your client of the obligation independently to have a litigation hold, correct? Or are you suggesting the rules don't apply to your client? I'm suggesting that the rules wouldn't operate that way in this particular circumstance because what we have here was not civil litigation. It was not directly a-  Any time anyone is sued, any company is sued, and they know they now they're on notice that a lawsuit is coming, if there's a cease and desist order, they have an obligation to issue a company-wide or they should assess the need for a company-wide litigation hold. You're not suggesting your client is relieved of that obligation because they didn't put that in the cease and desist letter, are you? No, we're not suggesting there's an exception to the rules of civil procedure. We are suggesting, though, that there was no specific obligation to retain these records and that the ATF had plenty of opportunity to request them if they wanted them and chose not to- So you are saying the rules of evidence don't apply to you in the event that there may be litigation. In fact, didn't your client prepare a complaint against ATF prior to getting the cease and desist order? I'm not sure if it was prior to or immediately following, but in that time frame. In that time frame. And don't the rules of evidence and the rules of discovery require individuals who are about to get involved in litigation to retain the evidence pertaining to that litigation? Well, those records wouldn't have been evidence pertaining to that litigation in that case. Why not? The sale of the item that's at issue, whether it's a machine gun, is not relevant to the litigation? It wouldn't have been to the litigation challenging the ATF's classification. For example, we've litigated this now in the Northern District of Texas- So the representations you made to your potential customers about whether or not they should buy this gun because it is consistent with, or not, with ATF regulations would not be relevant so that depositions could occur relating to the customers, what they were told or not told? You don't have to keep any of those records? No, because in that case it gets to what Your Honor over here was asking about before. That would be relevant to a fraud- Isn't there case law, counsel, when records of this nature are destroyed, even when it is a plaintiff, that they're subject to sanctions for spoliation because they destroyed those records? I think it's important to make the distinction that Your Honor made earlier, which is this is not a case of- The cease and desist letter was about whether or not FRTs are machine guns. Those records were not relevant to whether FRTs are machine guns. Those records might be relevant to fraud, but at that point fraud wasn't contemplated. Fraud is, as Your Honor noted, as a colleague noted, a creative way for the government to try to get at the same question without actually having to litigate under the higher standards of criminal proceedings. I would just note, with respect to an ongoing fraud, as the government correctly observed, they can't actually seize triggers from anybody. Those records aren't relevant because they are under an injunction from the Northern District of Texas. They can't seize triggers from rare breeds customers because they are enjoined from doing so by the Northern District of Texas. Thus, there cannot be an ongoing fraud associated with that. Thank you very much. Thank you. We'll reserve the decision.